# EXHIBIT "A"

FILED
11/23/2015 10:34:24 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

**4 CITS PPS SAC3**

CAUSE NO. ___**2015CI19515**___

| | | |
|---|---|---|
| PATRICIA CHAMPION, | § | IN THE DISTRICT COURT |
| *PLAINTIFF* | § | |
| | § | |
| VS. | § | |
| | § | |
| WAL-MART STORES TEXAS, L.L.C., | § | |
| WAL-MART REAL ESTATE | § | **37TH**  JUDICIAL DISTRICT |
| BUSINESS TRUST D/B/A WAL-MART | § | |
| SUPERCENTER # 2599, WAL-MART | § | |
| REALTY COMPANY, AND CHARLES | § | |
| RODRIGUEZ, | § | |
| *DEFENDANTS* | § | BEXAR COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PATRICIA CHAMPION , hereinafter referred to by name or as PLAINTIFF, and complains of WAL-MART STORES TEXAS, L.L.C., WAL-MART REAL ESTATE BUSINESS TRUST d/b/a WAL-MART SUPER-CENTER STORE NUMBER 2599, WAL-MART REALTY COMPANY, AND CHARLES RODRIGUEZ hereinafter referred to by name or as DEFENDANTS, and for cause of action would respectfully show unto the Court as follows:

**I.**
### DISCOVERY CONTROL PLAN

1.    PLAINTIFF intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.**
### PARTIES

2.    PLAINTIFF PATRICIA CHAMPION is an individual residing in BEXAR County, Texas.

1

3.      Defendant **WAL-MART STORES TEXAS, L.L.C.** is a foreign limited liability company authorized to do business in the State of Texas and may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

4.      Defendant **WAL-MART REAL ESTATE BUSINESS TRUST D/B/A WAL-MART SUPER-CENTER #2599** is a foreign business trust authorized to do business in the State of Texas and may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

5.      Defendant **WAL-MART REALTY COMPANY** is a foreign for-profit corporation authorized to do business in the State of Texas and may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

6.      Defendant **CHARLES RODRIGUEZ** is an individual residing in Texas and may be served with process at his place of business, located at WAL-MART Supercenter #2599, 555 De Zavala, San Antonio, Texas 78249.

**III.**
**JURISDICTION & VENUE**

7.      This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally this Court has jurisdiction over the parties because Defendant(s) are Texas residents and/or do business in the State of Texas.

8.      Venue is proper in BEXAR County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in BEXAR County, Texas.

2

9.   Venue is proper in BEXAR County in this cause pursuant to § 15.002(a)(2) of the CIVIL

PRACTICE & REMEDIES CODE because Defendant **CHARLES RODRIGUEZ** was a resident of

BEXAR County, Texas at the time the cause of action accrued.

## IV.
## FACTS

10.   On or about JUNE 15, 2014, PLAINTIFF **PATRICIA CHAMPION** was a customer

shopping at the DEFENDANTS' WAL-MART  Supercenter #2599 located at 555 De Zavala,

San Antonio, Texas 78249.   As such, PLAINTIFF was a business invitee to whom

DEFENDANTS owed a duty of care to protect her from injury.  After walking down an aisle in

the store PLAINTIFF slipped and fell on the aisle floor due to a dangerous slippery substance.

This caused severe injuries to PLAINTIFF's body, as more fully set forth below. The

unreasonably dangerous condition caused by the slippery floors on the DEFENDANTS'

premises proximately caused PLAINTIFF's injuries and the need for her subsequent medical

treatment.

12.   Defendant **CHARLES RODRIGUEZ** was the store manager of WAL-MART

Supercenter #2599. Mr. RODRIGUEZ did not make sure the floors were safe to walk on, direct

his staff to do so, or give notice or warning that the dangerous condition existed. PLAINTIFF's

fall caused her to sustain severe injuries and damages to head, shoulder, and other parts of her

body, as more fully described below.

13.   DEFENDANTS breached the duty of care they owed to PLAINTIFF as a business invitee

and were both negligent and grossly negligent in their failure to exercise ordinary care in the

safety of PLAINTIFF. Consequently, PLAINTIFF was an invitee to whom DEFENDANTS owed

a duty to use ordinary care, including the duty to protect and safeguard PLAINTIFF from

unreasonably dangerous conditions on the premises, or to warn of their existence.  PLAINTIFF

seeks all applicable damages available under Texas law.

14.     The above-referenced acts and/or omissions by the DEFENDANTS constitute malice

and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) of the CIVIL

PRACTICE & REMEDIES CODE.  DEFENDANTS were heedless and reckless, constituting an

extreme degree of risk, considering the probability and magnitude of the potential harm to others,

and DEFENDANTS were aware of the risk but nevertheless proceeded with conscious

indifference to the rights, safety, and welfare of others, including the PLAINTIFF.

## V.
## CAUSES OF ACTION

### A.   NEGLIGENCE

15.     On the occasion in question, the DEFENDANTS and their agents, servants, and employees

were guilty of negligence towards the PLAINTIFF in the following respects:

   a.     Failing to warn invitees, including PLAINTIFF, of the hazards of an unreasonably
          dangerous condition on DEFENDANTS' premises;

   b.     Failure to inspect the store aisles and properly maintain them;

   c.     Allowing a dangerous condition to exist, so that PLAINTIFF would fall and be
          injured;

   d.     Failing to provide for the safety of PLAINTIFF under the circumstances;

   e.     Failing to warn invitees, including the PLAINTIFF, that the area in question should
          be approached with caution;

   f.     Negligently maintaining the area in question in such a way so as to constitute a
          negligent activity;

   g.     Failing to warn invitees, including the PLAINTIFF that there was a dangerous
          condition which required extra care to be taken while walking through that area;

   h.     Failing to maintain the premises in a reasonably safe condition for PLAINTIFF and
          other invitees;

4

i.  Negligently supervising store employees;

j.  Failing to remove the dangerous condition or warn of its existence; and

k.  Such other and further acts of negligence as may be established through the discovery phase of this lawsuit.

16.  Each and all of the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of PLAINTIFF's injuries and damages.

**B.    PREMISES LIABILITY**

17.  Pleading in the alternative, on or about JUNE 15, 2014, DEFENDANTS **WAL-MART STORES TEXAS, L.L.C., WAL-MART REAL ESTATE BUSINESS TRUST d/b/a WAL-MART SUPER-CENTER #2599, WAL-MART REALTY COMPANY** were in possession of the premises located at 555 De Zavala, San Antonio, Texas 78249, which forms the basis of this suit. The PLAINTIFF was an invitee on the premises, because she entered the DEFENDANTS' premises with DEFENDANTS' knowledge and for the economic benefit of DEFENDANTS. As such, DEFENDANTS owed PLAINTIFF a duty of ordinary care to adequately warn her of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe. DEFENDANTS knew or should have known that the flooring in the aisle where PLAINTIFF fell was slippery and unsafe, such that it created a dangerous condition, posing an unreasonable risk of harm to the PLAINTIFF or others similarly situated. However, DEFENDANTS breached their duty of ordinary care to PLAINTIFF by both failing to warn the PLAINTIFF of the dangerous condition and failing to make the condition reasonably safe. PLAINTIFF seeks all applicable damages available under Texas law.

18.  Each and all of the foregoing acts and or omissions were negligent and constituted

5

negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of PLAINTIFF's injuries and damages.

**C.   RESPONDEAT SUPERIOR**

19.   At all times material hereto, all of the agents, servants, and/or employees for DEFENDANTS, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.  Therefore, DEFENDANTS are further liable for the negligent acts and omissions of their employees under the doctrine of *Respondeat Superior*.

20.   Each and all of the foregoing acts and or omissions of the agents, servants, and/or employees for DEFENDANTS were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of PLAINTIFF's injuries and damages.

**D.   GROSS NEGLIGENCE**

21.   DEFENDANTS' negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, DEFENDANTS' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to PLAINTIFF.  DEFENDANTS had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of PLAINTIFF or others similarly situated.   Specifically, DEFENDANTS did not safeguard premises as set forth hereinabove; further, PLAINTIFF was injured because DEFENDANTS were negligent and grossly negligent in having:

    a)   No warning signs, tape or barriers;

    b)   Improper lighting;

    c)   No on-ground employee to warn customers or assist employees;

6

d)      Improper maintenance of the flooring;

e)      Slick and slippery flooring; and

f)      Failing to remove slippery substance from the flooring.

**22.**      The acts and/or omissions by DEFENDANTS outlined in Paragraph 11 constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. DEFENDANTS were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and DEFENDANTS were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the PLAINTIFF.

**23.**      The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by PLAINTIFF.

## VI.
## DAMAGES

**24.**      As a direct result of the conduct of DEFENDANTS and their agents, servants, and employees, PLAINTIFF suffered severe injuries to her body, more specifically to her right shoulder and head including a full thickness tear of the right shoulder rotator cuff and accompanying surgical scarring. These injuries are permanent in nature. The injuries have had a serious effect on PLAINTIFF's health and well being. Some of the effects are permanent and will abide with PLAINTIFF for a long time in to the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused PLAINTIFF's physical and mental condition to deteriorate generally and the specific injuries and ill effects have caused and will, in all reasonable probability, cause PLAINTIFF to suffer consequences and ill effects of the deterioration of her body for long in to the future if not for the balance of her natural life. As a result of the nature and consequences of her injuries, PLAINTIFF has suffered great physical and mental pain, suffering and anguish and in

all reasonable probability, will continue to suffer in this manner for a long time in to the future, if not for the balance of her natural life.  By reason of all the above PLAINTIFF has suffered losses and damages in a sum within the jurisdictional limits of this Court and for which this lawsuit is brought.

25.     As a further result of all of the above, PLAINTIFF has incurred expenses for her medical care and attention.  These expenses were incurred for the necessary care and treatment of injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for the services.

26.     As a further result of the injuries sustained by PLAINTIFF, there is reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

27.     As a consequence of the injuries sustained by PLAINTIFF, she has lost the power to move from place to place.  In all reasonable probability, this disability will cause her to suffer long into the future, if not for the balance of her natural life, all to the damage in an amount that is within the jurisdictional limits of this Court for which she now sues.

28.     By reason of all of the above, PLAINTIFF has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

29.     PLAINTIFF affirmatively pleads that she seeks monetary relief in the maximum amount allowed by the court excluding costs, pre-judgment interest and attorneys' fees.  PLAINTIFF further seeks mitigated exemplary damages for DEFENDANTS' grossly negligent conduct, in an amount not less than three (3) times PLAINTIFF's actual damages and or in such an amount as may be allowed by law.

30.     Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, PLAINTIFF seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which PLAINTIFF deems herself justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

31.     PLAINTIFF further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

32.     PLAINTIFF demands a trial by jury.  PLAINTIFF acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

33.     Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, DEFENDANTS are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of TEX. R. CIV. P.194.2.

## X.
## PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES TO DEFENDANTS

### DEFINITIONS AND INSTRUCTIONS

1.    The terms "incident in question", "occurrence in question", or "occasion in question" mean and refer to any and all events which transpired on or about JUNE 15, 2014, and which are further described in PLAINTIFFs Original Petition or PLAINTIFF's last amended petition.

2.    "You" and "your" mean WAL-MART  STORES TEXAS, L.L.C., WAL-MART REAL ESTATE BUSINESS TRUST D/B/A WAL-MART  SUPER-CENTER STORE NUMBER 2599, WAL-MART  REALTY COMPANY, AND CHARLES RODRIGUEZ , and all agents, servants, employees, representatives, and/or other persons acting or purporting to act on its behalf or with its authority.

9

3.  "Concerning" or "concern" mean referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, and pertaining to.

4.  The terms "document" or "documents", as used herein, are to be construed as broadly as are the terms "writings and recordings" in Tex R. Civ. P. 1001 and, without limitation, shall refer to the originals and all drafts and non-identical copies (whether different from the original by reason of notations made on such copies, or otherwise) of all letters, telegrams, memoranda, notes, records, diaries, charts, recordings, X-rays, work records, reports, studies, analysis, tabulations, graphs, logs, work sheets, specifications, photographs, videotapes, films, slides, negatives, contracts, telexes, fax and cable communications, summaries, files, desk files, surveys, receipts, notices, invoices, computer-stored data (disks) capable of being reduced to a document or documents, calendars, test reports, inspection reports, notes of conversations or communications, and all other written or recorded information and materials of any nature whatsoever in the actual or constructive possession, custody, or control of **WAL-MART STORES TEXAS, L.L.C., WAL-MART REAL ESTATE BUSINESS TRUST D/B/A WAL-MART SUPER-CENTER STORE NUMBER 2599, WAL-MART REALTY COMPANY, AND CHARLES RODRIGUEZ** , or any of its employees, agents, and/or any person or entity over whom you have control, and/or any person or entity as against whom you have a superior right to compel production.

5.  The term "person", as used herein, means any natural person and, in addition, any firm, partnership, professional association, joint venture, corporation, trust, association, or other entity of any nature or character, including government agencies or entities of any kind, together with the partners, trustees, officers, directors, employees, or agents thereof.

6.  "Identify" or "identity", when used in reference to a document, means to state the author's name and address, the date, title, and number of pages, the type of document (e.g., telefax, chart, medical record, etc.), and any other or further description that will permit proper designation for purposes of framing a request for production and inspection.   In "identifying", it is not sufficient to only identify existing documents within your present possession, custody, or control.  Where responsive to any of the following interrogatories, you must identify, to the fullest extent possible, any and all documents which you believe to have once existed, irrespective of that document's present existence, and regardless of whoever had or presently has possession, custody, or control of that document.  In lieu of identifying any document or setting forth verbatim its content, you may attach a true and correct copy of the document(s) properly referenced in your answers.

7.  "Identify" or "identity", when used in reference to a person, means to state the person in reference to a business entity, means to state that business' name, the type of legal entity, the business' address, and if a corporation, the state of incorporation.

8.  If you claim as privileged or otherwise protected from discovery any information at any document responsive to one or more of the following interrogatories, you shall set forth, in detail, all basis for the claim of privilege, and set forth all grounds upon which you rely in

claiming that the information or document is privileged or otherwise protected from discovery.

## INTERROGATORIES

1. For the individual answering these interrogatories on behalf of each DEFENDANT, please state:

   a. Your name and address;

   b. Any title which you may hold within the entities known as **WAL-MART STORES TEXAS, L.L.C., WAL-MART REAL ESTATE BUSINESS TRUST D/B/A WAL-MART SUPER-CENTER STORE NUMBER 2599, WAL-MART REALTY COMPANY AND CHARLES RODRIGUEZ**

ANSWER:

2. Do you claim that PLAINTIFF was negligent in any way in the events giving rise to this suit? If so, state the ways in which you claim PLAINTIFF was negligent and give the names and addresses of all persons having knowledge of such facts.

ANSWER:

3. Please list all persons or entities that are or have been employed or have been contracted to maintain, inspect, clean, and/or repair flooring, at the WAL-MART store where this incident occurred, beginning JUNE 15, 2010 through the present date, and identify those persons/entities so employed/contracted..

ANSWER:

4. Please describe any and all training, instructions and/or warnings given to employees, servants, workers or contractors of the DEFENDANTS, prior to the incident made the basis of this lawsuit relating to the inspection, maintenance, repairing and/or cleaning of the flooring at the WAL-MART store where this incident occurred.

ANSWER:

5. Identify each and every employee by name, address and telephone number employed at the WAL-MART store where this incident occurred, who witnessed, claim to have witnessed, or were in a position to witness, hear, or discuss with tenants or other

11

employees, any of the events alleged by PLAINTIFF to have occurred on the subject premises.

ANSWER:

6.    Identify each and every employee by name, address and telephone number, of any person, who in any way or manner, participated in the investigation of the events from which this cause of action arises, including, but limited to interviewing PLAINTIFF, her family, other tenants, and other employees, and provide the same information for each of those persons interviewed, and state the current location of any report resulting from such investigation.

ANSWER:

7.    If DEFENDANTS were insured under any insurance policy or agreement in effect at the time of the incident made the basis of this lawsuit which may make the respective insurance companies liable to satisfy all or part of any judgment which may be rendered in this litigation, identify each primary, umbrella, or excess insurance carrier.

As used in this interrogatory, "identify" means to state the name and address of each primary, umbrella, or excess insurance carrier, including the policy number, the policy limits, whether or not notice of the incident was given, and whether or not a non-waiver agreement, reservation of rights letters, or any other document or agreement regarding coverage has been signed by or sent or communicated to you.

"Identify' also means to state the dollar amount of insurance available under each such policy for each policy period.

ANSWER:

8.    Please list the name and complete address of each and every person known to you or your attorneys who either witnessed or claimed to have witnessed the alleged events made the basis of this lawsuit, claims to have knowledge of how the alleged events occurred, claims to have witnessed any admission or inconsistent statement on the part of PLAINTIFF, including agents propounding these interrogatories, and otherwise claims to have knowledge of the facts relevant to this suit.

ANSWER:

9.    Please state whether anyone acting on behalf of the DEFENDANTS has secured, obtained, or has any knowledge of any statement, either oral, audio, or video, recorded or in writing, made by the PLAINTIFF pertaining in any way to the happening or the occurrence made the basis of this lawsuit.

ANSWER:

10.     If, after the occurrence of the events forming the basis of this lawsuit, any photographs were taken in connection with such events, please state the date when such photographs were taken, the name, address, and telephone number of the person who took such photographs, the name and address of the person who employed the photographer, and the name and address of the person who presently has possession or custody of such photographs.

ANSWER:

11.     If, after the accident, an investigation was made by or on behalf of the DEFENDANT(s) concerning the circumstances of the incident made the basis of this lawsuit, please state the name and address of each person who made such an investigation, whether a written report of the investigation was furnished to the DEFENDANTS, and the substance of any written reports of the investigation furnished to DEFENDANTS.

ANSWER:

12.     State each and every factor other than the alleged negligence of the PLAINTIFF which you contend contributed to the incident including, but not limited to, sudden emergency, unavoidable accident, product defect, mechanical defect, or act of God.

ANSWER:

13.     State each and every factor which you contend caused or contributed to the PLAINTIFF's damages including, but not limited to, pre-existing physical or medical conditions of the PLAINTIFF, and identify all documents and tangible things which support your contentions.

ANSWER:

14.     State verbatim all statements, admissions, or declarations made by PLAINTIFF to DEFENDANT(s), or to DEFENDANTS' agents, or of which DEFENDANTS are aware relating the incident made the basis of this lawsuit or relating to PLAINTIFF's damages.

ANSWER:

13

15.   With respect to any method or system, including any computer retrieval system, used by DEFENDANTS to maintain or record complaints, investigations, and/or reports of similar incidents for which records are or were kept, provide the following:

      a.   the identity of each custodian of the records;
      b.   a detailed description of the indexing system whereby such information is stored; and
      c.   if applicable, a description of what each portion of the computer printout represents.

ANSWER:

16.   Identify by name, address and telephone number each eyewitness to the incident

ANSWER:

17.   Please identify and describe in detail any previous incidents which have occurred in the same way or in substantially the same way as the incident made the basis of this litigation within five (5) years of this incident.

ANSWER:

18.   Please state the name, address and phone number of the person who was the maintenance supervisor for the WAL-MART store where this incident occurred on JUNE 15, 2014.

ANSWER:

19.   Please state the name, address and phone number of the person who was the Store Manager for the WAL-MART store where this incident occurred on JUNE 15, 2014.

ANSWER:

20.   Please state the name, address and phone number of the person who was responsible for inspection, maintenance, repairs and/or cleaning of the flooring at the WAL-MART store where this incident occurred on JUNE 15, 2014.

ANSWER:

21.   Please state the names, addresses and phone numbers of all partners, including all managers, who worked or performed duties in the aisle where this incident occurred on JUNE 15, 2014.

ANSWER:

## XI.

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

Pursuant to Rule 196, Texas Rules of Civil Procedure, PLAINTIFF requests that,

**DEFENDANT WAL-MART STORES TEXAS, L.L.C., WAL-MART REAL ESTATE BUSINESS TRUST D/B/A WAL-MART SUPER-CENTER STORE NUMBER 2599, WAL-MART REALTY COMPANY, AND CHARLES RODRIGUEZ** , produce and permit PLAINTIFF to inspect and copy the documents and things described in the requests below, and as instructed below. PLAINTIFF requests that DEFENDANTS produce the documents at the office of Thomas J. Henry Injury Attorneys, 521 Starr Street, Corpus Christi, Texas 78401.

### DEFINITIONS AND INSTRUCTIONS

A.   As used herein, the term "you", "your", or "DEFENDANT(S)" shall mean **DEFENDANT WAL-MART STORES TEXAS, L.L.C., WAL-MART REAL ESTATE BUSINESS TRUST D/B/A WAL-MART SUPER-CENTER STORE NUMBER 2599, WAL-MART REALTY COMPANY, AND CHARLES RODRIGUEZ** , as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

B.   When used herein "PLAINTIFF" means **PATRICIA CHAMPION**.

C.   When used herein "incident" or "occurrence" means the incident which occurred on **JUNE 15, 2014** at the **WAL-MART SUPER-CENTER STORE NUMBER 2599 (address 555 De Zavala, San Antonio, Texas 78249)**.

D.   The term "document" or "documents" shall mean all writings, correspondence, papers, books, treatises, publications, accounts, drawings, graphs, graphics, charts, movies, photographs, written or electronically recorded or compiled notes, test results, or memoranda, audio tape recordings, and video tape recordings of every kind, source, and authorship, both originals and all nonidentical copies thereof, together with all attachments and appendices, which are in your possession, custody, or control, or known by you to exist, irrespective of whether such was intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative agency, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronically recorded, or graphic matter. It shall also include communications in words, symbols, pictures, audio recordings, photographs, films/movies, video tapes, and information stored in, or accessible through, computers or other electronic information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

E.   The term "document" or "documents" shall mean all writings, correspondence, papers, books, treatises, publications, accounts, drawings, graphs, graphics, charts, movies, photographs, written or electronically recorded or compiled notes, test results, or

15

memoranda, audio tape recordings, and video tape recordings of every kind, source, and authorship, both originals and all nonidentical copies thereof, together with all attachments and appendices, which are in your possession, custody, or control, or known by you to exist, irrespective of whether such was intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative agency, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronically recorded, or graphic matter. It shall also include communications in words, symbols, pictures, audio recordings, films/movies, video tapes, and information stored in, or accessible through, computers or other electronic information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

Further, to the extent that the information requested hereinafter exists within a computer, computer retrieval system, computer recorded medium, or other electronically recorded method you are requested to reduce the information to paper copy.

F.     The term "Person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

G.     Unless defined otherwise in an individual Request for Production "Identify", "Identity", or "Identification" have the following meanings:
   1.     When used in reference to a <u>person</u>, "identify", "identity", or "identification" means to state his/her full name, present or last known residence address, present or last known business address, and residence and business telephone numbers.

   2.     When used in reference to a <u>public or private corporation, governmental entity, partnership, association,</u> or <u>any other business entity</u>, "identify", "identity", or "identification" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

   3.     When used in reference to a <u>document</u>, "identify", "identity", or "identification" shall include a statement of the following:
      (a)     the title, heading, or caption, if any, or such document;
      (b)     the identifying numbers, letters, or combination thereof, if any, and the significance or meaning of such numbers, letters, or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;
      (c)     the date appearing on such document; and if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;
      (d)     the number of pages and the general nature of description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so as to enable such document to be precisely identified;
      (e)     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;
      (f)     the name and capacity of the person to whom such document was addressed and the name and capacity of such persons, other than such addressee, to whom such document, or a copy thereof, was sent; and
      (g)     the physical location of the document and the name of its custodian or custodians.

16

4.   When used in reference to a <u>statement</u>, "identify", "identity", or "identification" means the following:

    (a)    the identity of the person who made the statement, the person who took or recorded the statement, and all persons present during the making of the statement;

    (b)    the date, location, and method by which the statement was taken and/or recorded; and

    (c)    the identity of the person or persons who has present or last known possession, custody, or control of the statement.

5.   When used in reference to an <u>incident, occurrence, claim, warranty claim, complaint, notice, or suit,</u> "identify", "identity", or "identification" means to state the following:

    (a)    the date and place of the incident or occurrence on which the claim, warranty claim, complaint, notice, or suit is based;

    (b)    what is alleged to have occurred;

    (c)    a description of the machine or instrument involved;

    (d)    the <u>identity</u> of the person(s) involved in the incident or occurrence; and

    (e)    in the case of each suit, the style, cause number, court in which filed, <u>identity</u> of the PLAINTIFF's attorney, and whether or not the case is pending or closed.

6.   When used in reference to a system, procedure, or computer program for the reporting, recording, categorizing, organizing, or analyzing of warranty claims or any other claimed or reported problems with or complaints about <u>your</u> products, "identify", "identity", or "identification" means to state the following:

    (a)    the <u>identity</u> of the person(s) responsible for such system(s), procedure(s), or computer program(s);

    (b)    any name, title, number, abbreviation, or acronym used within your company to identify or refer to the system(s), procedure(s), or computer program(s);

    (c)    a description in detail of how the system(s), procedure(s), or computer program(s) operate;

    (d)    whether <u>your</u> dealers have access to the information contained in or obtained from such system(s), procedure(s), or computer program(s), and if so, describe in detail how a dealer can obtain such information; and

    (e)    whether such system(s), procedure(s), or computer program(s) provide for the compilation, reporting, summary, analysis, or digest on a periodic basis (e.g., weekly, monthly, quarterly, etc., or other regular or routine basis), of all or part of the information or data received, and, if so, (a) describe in detail the format of such periodic or other compilation, report, summary, analysis, or digest; (b) state fully any identifying name, title, number, abbreviation or acronym used within <u>your</u> company to describe or refer to same; and (c) <u>identify</u> each and every person who has possession, custody, or control of or access to such compilation, report, summary, analysis, or digest.

H.   If any document which would be responsive to any interrogatory herein was, but is no longer, in your possession or subject to your control, or is no longer in existence, identify each document, in the manner defined hereinabove, and by additionally stating whether it is missing or lost, it has been destroyed, it has been transferred voluntarily to others, or it has been otherwise disposed of, and in each instance in which it has been destroyed, transferred, or disposed of:

1.   Explain the circumstances surrounding such disposition;

2.   Identify the persons(s) directing or authorizing its destruction or transfer;

3.      The date(s) of such direction or authorization; and

4.      Whether the document (or copies) are still in existence, and if so, identify the custodians(s) and its (or their) present locations(s).

I.      "**Expert**" means any expert who is expected to testify at trial, either in your case in chief or rebuttal, by deposition or live testimony, and any expert who has been informally consulted, retained, or specially employed in anticipation of litigation or preparation for trial, but who will not be called to testify, whose opinions or impressions, including any documents, tangible things, test results, factual observations, data, or work product containing such impressions and opinions, have been reviewed by a testifying expert.

J.      "**Control**" means within your possession, custody, or control and includes constructive possession as long as you, your attorneys, agents, or representatives, whether natural persons or business or legal entities, have superior right to compel the production from any third party, whether natural persons or business or legal entities, and including any agency, authority, or representative.

## FIRST REQUESTS FOR PRODUCTION

1. All photographs taken in connection with PLAINTIFF's cause of action in the possession, constructive possession, custody or control of the DEFENDANTS, DEFENDANTS' attorney or anyone acting on DEFENDANTS' behalf.

2. All photographs taken of the scene of the incident or the surrounding area of the scene of the incident in the possession, constructive possession, custody or control of the DEFENDANTS, DEFENDANTS' attorney or anyone acting on DEFENDANTS' behalf.

3. All photographs taken of PLAINTIFF which may be in the possession, constructive possession, custody or control of the DEFENDANTS, DEFENDANTS' attorney or anyone acting on DEFENDANTS' behalf.

4. All pictures, motion pictures, movies, films, or photographic material of any kind taken of the PLAINTIFF which are in the possession, constructive possession, custody or control of the DEFENDANTS, DEFENDANTS' attorney or anyone acting on DEFENDANTS' behalf.

5. All written statements made by the PLAINTIFF in the possession, constructive possession, custody or control of the DEFENDANTS, DEFENDANTS' attorney or anyone acting on DEFENDANTS' behalf.

6. All oral statements made by the PLAINTIFFs which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of the DEFENDANTS, DEFENDANTS' attorney or anyone acting on DEFENDANTS' behalf.

7. All written statements made by any witnesses to the accident that are in the possession, constructive possession, custody or control of the DEFENDANTS, DEFENDANTS' attorney or anyone acting on DEFENDANTS' behalf.

8. All oral, taped or recorded statements made by any witnesses to the accident that is the basis of PLAINTIFF's lawsuit which are in the possession, constructive possession, custody or control of the DEFENDANTS, DEFENDANTS' attorney or anyone acting on DEFENDANTS' behalf.

9. A copy of the policy or policies of liability insurance providing coverage to the DEFENDANTS on JUNE 15, 2014.

10. A copy of all policies of "excess" and/or "umbrella" liability insurance providing coverage to the DEFENDANTS on JUNE 15, 2014.

11. A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about the PLAINTIFFs which are in the

19

possession, constructive possession, custody or control of the DEFENDANTS, DEFENDANTS' attorney or anyone acting on DEFENDANTS' behalf.

12.    All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that the DEFENDANTS advise the PLAINTIFF accordingly and reduce such material to a tangible form).

13.    A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

14.    Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of DEFENDANTS that DEFENDANTS prepared as a result of the accident made the basis of PLAINTIFF's lawsuit.

15.    Copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any equipment or structure involved in the accident made the basis of PLAINTIFF's lawsuit.

16.    Copies of any and all relevant documents, reports, and/or memorandum in DEFENDANTS' possession which have resulted from the accident made the basis of PLAINTIFF's lawsuit.

17.    Copies of any contracts or agreements between DEFENDANTS and any maintenance or repair service in effect at the WAL-MART store where this incident occurred on JUNE 15, 2014.

18.    Copies of any indemnity agreement between DEFENDANTS and any other parties.

19.    Copies of any and all books, documents or other tangible things which may be used at the time of trial, which may have a bearing on PLAINTIFF's cause of action.

20.    Copies of any and all tangible things whose production has not been requested previously in this or other request which DEFENDANTS do not intend to introduce into evidence at trial but may be used as demonstrative evidence at trial.

21.    Contracts between the owner and the manager or managing firm at the time of the PLAINTIFF's injury, and for the year immediately preceding PLAINTIFF's injury.

22.    Any indemnity agreement between any party to this case and non-party which is relevant to the incident and injuries made the basis of this lawsuit.

23. Any joint venture agreement between the parties or between any party to the lawsuit and any non-party regarding the ownership, repair, operation, maintenance, advertising, security or other service of or for the premises in question.

24. Any rules, management guidelines, operating guidelines, or other similar document that purports to show operating procedures for the management, repair, service, care, and maintenance of the premises in question.

25. Copies of any surveillance tapes, movies or photos of the PLAINTIFF.

26. Any training manuals, videos, policies, rules, management guidelines, operating guidelines, or other document that purports to show procedures for tenant safety; the inspection, maintenance, or repair of common areas, including but not limited to preventing, responding to and reporting tenant injuries.

27. A copy of any reports, schedules, lists, memorandums, or other documents regardless of manner or method of recording, identifying all employees scheduled to work at the WAL-MART store where this incident occurred on JUNE 15, 2014 WAL-MART store where this incident occurred on JUNE 15, 2014.

28. A copy of any and all itemizations, reports, schedules, paychecks or other documents regardless of manner or method of recording identifying the time and/or work schedule of each and every employee of the WAL-MART store where this incident occurred on JUNE 15, 2014 , between JUNE 15, 2013 – Present.

29. True and accurate copies of all documents, including but not limited to any accident/Incident reports, evidencing any accidents involving customers or employees for the WAL-MART store where this incident occurred between JUNE 15, 2010 – Present.

30. True, accurate, and unedited copies of all the security camera videotapes for the WAL-MART store where this incident occurred for the date of JUNE 15, 2014.

31. Copies of any document which shows the names of all employees who were working at the WAL-MART store where this incident occurred on JUNE 15, 2014.

32. Copies of the architectural plans and drawings for the premises in question, specifically with respect to the location where the PLAINTIFF was injured.

33. Please produce any training manuals, videos, policies, rules, management guidelines, operating guidelines, or other documents that purports to show procedures for management and for preventing, responding to and reporting customer and employee injuries.

34. Please produce copies of the daily manager's reports for the WAL-MART store where this incident occurred for the date of JUNE 15, 2014.

35. Please produce copies of the weekly manager's report for the WAL-MART store where this incident occurred for the week beginning, JUNE 8, 2014.

36. Please produce the monthly manager's report for the WAL-MART store where this incident occurred for the month of JUNE, 2014.

37. Please produce copies of any criminal convictions you will attempt to use for impeachment of any witness in this matter, pursuant to TEX. R. EVID. 609.

38. Incident reports made responsive to the incident that is the basis of this suit.

39. Incident reports made responsive to personal injuries on the premises in question from JUNE 2010 – present.

40. All documents evidencing personal injuries for the WAL-MART store where this incident occurred from JUNE 2010 – present.

41. Complete and legible photocopies of all statements taken from WAL-MART employees who were at the scene of the incident, either when it occurred or after it occurred.

42. Complete and legible photocopies of all statements taken from WAL-MART employees who witnessed the incident.

43. Copies of all video of the location where this incident occurred for 24 hours preceding the incident.

44. Copies of all video of the location where this incident occurred for 24 hours after the incident.

45. Complete and legible photocopies of any incident reports made in accordance with WAL-MART policy for the incident in question.

46. Complete and legible photocopies of all statements taken by you, or someone on your behalf, from witnesses and persons with knowledge of relevant facts.

47. Copies of all customer incident reports made within 24 months before the date of this incident for the WAL-MART store where this incident occurred.

48. Copy of the reporting manager's personnel file.

49. Copy of personnel file for the maintenance partner(s) who was responsible for maintaining the flooring.

50. All photographs taken in relation to this incident.

51. Copy of Defendant HEB's safety manual and procedures.

52. Screenshots or copies of all webpages of Defendant Safety Basics program.

53. Any rules, management guidelines, operating guidelines, or other similar document that purports to show operating procedures for the management, repair, service, care, and maintenance of the flooring at the WAL-MART store where this incident occurred.

54. All documents pertaining to maintenance, repairs, modifications or replacements of the flooring in the vicinity where this incident occurred for 36 months before the date of the incident.

55. All documents pertaining to maintenance, repairs, modifications or replacements of the flooring in the vicinity where this incident occurred from JUNE 15, 2014 - Present.

56. Copies of all facilities reports made within 24 months before the date of this incident.

57. Copies of all facilities reports made from JUNE 15, 2014 - Present.

## XII.
## NOTICE OF SELF AUTHENTICATION

34. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, DEFENDANTS are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** PLAINTIFF requests that the DEFENDANTS be cited to appear and answer, and on final trial hereafter, the PLAINTIFF has judgment against DEFENDANTS, joint and severally, in an amount within the jurisdictional limits of this Court, for PLAINTIFF's actual damages, statutory damages, attorneys' fees, pre judgment and post judgment interest as allowed by law, costs of Court, and such other and further relief to which PLAINTIFF may be justly entitled by law and equity, including but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;

4.     Mental anguish in the future;
5.     Past medical expenses;
6.     Future medical expenses;
7.     Physical impairment in the past;
8.     Physical impairment in the future;
9.     Physical disfigurement in the past;
10.   Physical disfigurement in the future;
11.   Lost wages in the past;
12.   Loss of future wage earning capacity;
13.   Pre-judgment interest;
14.   Post-judgment interest; and
15.   Exemplary damages.

Respectfully submitted,

**LAW OFFICES OF THOMAS J. HENRY**
**521 STARR STREET**
**CORPUS CHRISTI, TEXAS 78401**
**PHONE: (361) 985-0600**
**FAX: (361) 985-0601**

**BY:**    /S/ MARCO A. CRAWFORD
           **THOMAS J. HENRY**
           **STATE BAR NO.: 09484210**
           **MARCO A. CRAWFORD**
           **STATE BAR NO.: 24068756**
           **\*email:  mcrawford-svc@tjhlaw.com**
           **ATTORNEYS FOR PLAINTIFF**
           *\* service by this email address only*

24