UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICIA CHAMPION, | § | No. 5:16−CV−112−DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WAL-MART STORES OF TEXAS, | § | |
| LLC, WAL-MART REAL ESTATE | § | |
| BUSINESS TRUST d/b/a WAL-MART | § | |
| SUPERCENTER # 2599, WAL-MART | § | |
| REALTY COMPANY, and CHARLES | § | |
| RODRIGUEZ | § | |
| | § | |
| Defendants. | § | |

ORDER DENYING MOTION TO REMAND

Before the Court is a Motion to Remand filed by Patricia Champion ("Plaintiff"). (Dkt. # 4.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the briefs filed in support and in opposition of the motion, the Court, for the reasons that follow, **DENIES** Plaintiff's Motion to Remand.

BACKGROUND

The Defendants in this case are Wal-Mart Stores of Texas LLC, Wal-Mart Real Estate Business Trust d/b/a Wal-Mart Supercenter # 2599, Wal-Mart

1

Realty Company, and Charles Rodriguez (collectively "Defendants"). On June 15, 2015, Plaintiff states she was a customer shopping at Wal-Mart Supercenter # 2599 located at 555 De Zavala, San Antonio, Texas 78249 ("the Store"). ("Original Pet." Dkt. # 1-3, Ex. A ¶ 10.) She alleges that while walking down an aisle at the Store she slipped and fell due to the presence of a dangerous slippery substance on the floor. (Id.). It is undisputed that Plaintiff is a resident of Texas. (Id. ¶ 2.)

At the time of the incident, it is also undisputed that Defendant Charles Rodriguez was the Store manager of Wal-Mart. (Id.; "Notice of Removal," Dkt. # 1 ¶ 8−9.) It is also undisputed that Rodriguez is a Texas citizen who maintains his residence in Bexar County, Texas. (Original Pet. ¶ 6, 9; Notice of Removal ¶ 8.) Plaintiff alleges that Rodriguez "did not make sure the floors were safe to walk on, direct his staff to do so, or give notice or warning that the dangerous condition existed." (Original Pet. ¶ 12.)

On November 23, 2015, Plaintiff filed a lawsuit against Defendants in the 37th Judicial District Court of Bexar County, Texas. (Original Pet.) Plaintiff asserts four separate causes of action against Defendants: (1) Negligence; (2) Premises Liability; (3) Respondeat Superior; and (4) Gross Negligence. (Id. ¶ 17−23.) Within her negligence claim, Plaintiff asserts eleven separate instances where Defendants allegedly acted negligently:

1. Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendant's premises;

2. Failure to inspect the store aisles and properly maintain them;

3. Allowing a dangerous condition to exist, so that Plaintiff would fall and be injured;

4. Failing to provide for the safety of Plaintiff under the circumstances;

5. Failing to warn invitees, including the Plaintiff, that the area in question should be approached with caution;

6. Negligently maintaining the area in question in such a way so as to constitute a negligent activity;

7. Failing to warn invitees, including the Plaintiff that there was a dangerous condition which required extra care to be taken while walking through that area;

8. Failing to maintain the premises in a reasonably safe condition for Plaintiff and other invitees;

9. Negligently supervising store employees;

10. Failing to remove the dangerous condition or warn of its existence; and

11. Such other and further acts of negligence as may be established through the discovery phase of this lawsuit.

(Original Pet. ¶ 15(a−k).) Further, Plaintiff seeks monetary relief over $1 million dollars. (Id. ¶ 30.)

On February 1, 2016, Defendants timely removed the state action to federal court. (Dkt. # 1.) Defendants allege that diversity jurisdiction exists because the amount in controversy exceeds $75,000, since Plaintiff pled damages

in excess of $1 million, and that complete diversity of citizenship exists among all parties because Plaintiff improperly joined Defendant Rodriguez.  (Notice of Removal ¶ 5−13.)

On February 17, 2016, Plaintiff filed a Motion to Remand.  (Dkt. # 4.)  On February 24, 2016, Defendants filed a response.  (Dkt. # 5.)

LEGAL STANDARD

A party sued may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  The district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between citizens of different states.  28 U.S.C. § 1332.  The rule of complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."  Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008).  However, "the improper joinder doctrine constitutes a narrow exception to the rule of complete diversity."  Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011) (citing McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005)).  "[T]he purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined."  Abbott Labs., 408 F.3d at 183.  "The

burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one." Cuevas, 648 F.3d at 249.

To establish improper joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). Under the second prong of the improper joinder doctrine, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d at 573; Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990) ("After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned.") However, "[a] mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." Smallwood, at 573 n. 9 (internal citations omitted). To predict the reasonable basis of recovery under state law, a court must do one of two things: "conduct a Rule 12(b)(6)-type analysis" to determine whether the plaintiff has stated a claim under state law against the in-state defendant or if a

plaintiff has stated a claim, a court may "pierce the pleadings and conduct a summary inquiry." Id.

## DISCUSSION

The sole thrust of Plaintiff's argument on her Motion to Remand is that Defendant Rodriguez is a properly joined party and as such, complete diversity is destroyed because Rodriguez and Plaintiff are both citizens of Texas. (See Dkt. # 4.) Specifically, Plaintiff argues that Rodriguez is properly joined because she sufficiently alleged an independent cause of action against him (id. at ¶ 12), and Defendants have failed to meet their burden to demonstrate that Rodriguez was improperly joined. Defendants rebut both contentions. They argue that Rodriguez "owed no independent duty of care to Plaintiff apart from the duty owed by his employer," and therefore Plaintiff cannot possibly recover against him. (Dkt. # 5 ¶ 5.)

The existence of a duty is a threshold inquiry in any negligence case. See Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 223 (Tex. 2002) (quoting Greater Hous. Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). "A corporate officer or agent can be liable to others, including other company employees, for his or her own negligence. However, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." Leitch v. Hornsby, 935 S.W.2d

6

114, 117 (Tex. 1996). In 2005, the Texas Supreme Court extended this rule to premises liability cases. See Tri v. J.T.T., 162 S.W.3d 552, 562 (Tex. 2005).

Numerous federal district courts have applied Leitch and Tri to find improper joinder when a corporate defendant is joined with a store manager. See Solis v. Wal-Mart Stores East, L.P., 617 F. Supp. 2d. 476 (S.D. Tex. 2008) (store manager with no personal involvement in creating the dangerous condition owed no separate legal duty); Bourne v. Wal-Mart Stores, Inc., 582 F. Supp. 2d 828 (E.D. Tex. 2008) (same); Allen v. Home Depot U.S.A., Inc., No. 04-CV-703-XR, 2004 WL 2270001, at * 3 (W.D. Tex. Oct. 6, 2004) (denying motion to remand because Plaintiff alleged store manager was acting in the course and scope of employment throughout incident). However, numerous federal district courts have also found joinder of a store manager or employee appropriate and granted motions to remand. See Gonzalez v. Wal-Mart Stores Texas, LLC, 2013 WL 1827924, at * 2−3 (S.D. Tex. Apr. 30, 2013) (finding Wal-Mart employees owed an independent duty because they actively participated in the injury-causing incident); Land v. Wal-Mart Stores of Texas, LLC, No. SA-14-CV-009-XR, 2014 WL 585408, at * 4 (W.D. Tex. Feb. 13, 2014) (finding an independent duty where the employee was negligently operating a commercial floor cleaning machine when he created a dangerously wet floor that caused the plaintiff's injury); Guzman v. Cordero, 481 F. Supp. 787 (W.D. Tex. 2007) ("[T]he employee personally

inspected and worked on the vehicle in question and it was these services that constituted the alleged negligence.")

While a split in the federal district courts may appear on the surface, a single governing principle runs through each case.  If the pleadings allege the store manager or employee played a personal and active role in creating the dangerous condition at issue, then an independent duty of care existed, recovery was possible, and remand was appropriate.  Where the pleadings allege the store manager was acting in his or her corporate capacity and was not personally involved in creating the condition, then the store manager owed no separate duty of care, recovery was not possible, and remand was inappropriate.  This distinction comports well with traditional understandings of tort liability and nonfeasance.  Buchanan v. Rose, 159 S.W.2d 109, 391−92 (Tex. 1942) ("[I]f a party negligently creates a dangerous situation it then becomes his duty to do something about it to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured thereby."); Torrington Co. v. Stutzman, 46 S.W.3d 829, 837 (Tex. 2000) ("Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances."); Restatement (Second) of Torts § 314 (1965) ("The fact that [an] actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action.").

Turning to the instant matter, Plaintiff has failed to make a factual allegation that Defendant Rodriguez was personally and actively involved in creating the dangerous condition.  Nowhere in the original petition does Plaintiff allege that Rodriguez caused a slippery substance to be on the aisle floor or negligently cleaned it.  Instead, Plaintiff pleads that the store manager "did not make sure the floors were safe to walk on, direct his staff to do so, or give notice or warning that the dangerous condition existed."  (Original Pet. ¶ 12.)  Such an allegation does not give rise to an independent duty under Texas law against corporate agents acting in an official capacity.  See Leitch, 935 S.W.2d at 117 (Tex. 1996); Bourne, 582 F. Supp. 2d at 838 (finding joinder of a Wal-Mart manager improper under a similar slip-and-fall fact pattern and nearly identically pled allegations).  For these same reasons, Plaintiff has also failed to establish that the store manager owed her an independent duty under a theory of premises liability.  See Tri, 162 S.W.3d at 562.  Accordingly, the Court finds that Plaintiff has failed to make factual allegations that Defendant Rodriguez owed her an independent duty of care. Therefore, no possibility of recovery exists against Rodriguez for the causes of action asserted in Plaintiff's original petition.  As such, the Court finds that Defendants have met their heavy burden to show that Rodriguez was improperly joined.

## CONCLUSION

For the reasons explained, the Court **DENIES** Plaintiff's Motion to Remand (Dkt. # 4).

**IT IS SO ORDERED**.

**DATED:** San Antonio, Texas, March 24, 2016.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE